UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PHILIP SHARPE,

                                        Plaintiff,

        vs.

                                                        9:04-CV-220
GLENN GOORD, et al.,                                    (S.J. McAvoy)

                                        Defendants.

_____

APPEARANCES                             OF COUNSEL

PHILIP SHARPE
Plaintiff pro se

ELIOT SPITZER                           DENNIS J. GOGLIA
Attorney General of the                 Asst. Attorney General
State of New York

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

        This matter has been referred to me for Report and Recommendation by the

Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28

U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

        In this amended civil rights complaint, plaintiff makes a variety of unclear

allegations, purportedly claiming that his constitutional rights have been violated by

defendants. (Dkt. No. 6).

        Plaintiff seeks substantial monetary relief together with various forms of

injunctive relief.  Presently before the court is defendants' motion to dismiss the

complaint pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 28).  For the following

reasons, although the court agrees that the amended complaint may be dismissed as

against some of the defendants in this action, the entire complaint need not be

dismissed and may not be dismissed for failure to comply with FED. R. CIV. P. 8 & 10..

## DISCUSSION

### 1.    <u>Motion to Dismiss</u>

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.

1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must

accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate*,

378 U.S. 546 (1964)(per curiam)).

In determining whether a complaint states a cause of action, great liberality is

afforded to pro se litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28

(2d Cir. 1991)(citation omitted).  For purposes of a Rule 12(b)(6) motion, the

"complaint" includes any written instrument attached to the complaint and any

statements or documents incorporated into it by reference. *Gant v. Wallingford Bd. of

Education*, 69 F.3d 669, 674 (2d Cir. 1995)(citations omitted).

In this case, plaintiff has referred to and attached various exhibits to his

amended complaint that the court has considered as part of the amended complaint in

2

deciding this motion to dismiss.  The task of a court in deciding a motion under Rule 12(b)(6) is not to determine whether plaintiff will prevail, but only to determine the legal feasibility of the complaint. *Jackson v. New York*, 381 F. Supp. 2d 80, 85 (N.D.N.Y. 2005).

The court would point out that although defendants cite Rule 12(b)(6) as the basis for their motion, they refer only to FED. R. CIV. P. 8 & 10 in arguing that this amended complaint should be dismissed.  Rule 8(a) provides a simplified pleading standard applicable to all civil actions, and the pleadings of *pro se* litigants are held to an even lower standard. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). Form is never exalted over substance, and the court will excuse pleading irregularities as long as the concept of notice pleading is not undermined and there is no prejudice to the adverse party. *Id.*

In *Phillips*, the Second Circuit held that harmless violations of Rule 10(b), which requires a complaint to contain separate numbered paragraphs for each averment, will not result in dismissal of the complaint. *Id.*  This is true unless the absence of numbered paragraphs or succinct pleading interferes with one's ability to understand the claims or otherwise prejudice the adverse party. *Id.*

## 2.    **Procedural History of this Action**

Plaintiff filed his original complaint on March 1, 2004. (Dkt. No. 1).  Senior Judge McAvoy reviewed plaintiff's complaint and determined that plaintiff did not set

forth sufficient facts to determine whether his constitutional rights had been violated. (Dkt. No. 5).  The statement of plaintiff's claim in his original complaint consisted in eight numbered sentences with general factual statements, some of which mentioned the named defendants, but often did not state what constitutional violation plaintiff alleged against any particular individual.  Some of the defendants named in the caption were not even named in these eight sentences.

Based upon the clear insufficiency of the original complaint, Judge McAvoy ordered plaintiff to file an amended complaint, curing the defects in the original. (Dkt. No. 5).  On March 24, 2004, plaintiff filed this amended complaint. (Dkt. No. 6).  The complaint indicates that plaintiff filed a prior action in this court, based on the same facts as this action, which was dismissed by Judge Lawrence E. Kahn, approving a Report-Recommendation by Magistrate Judge David E. Peebles, after defendants made a motion to dismiss. *Sharpe v. Goord*, 02-CV-1390 (N.D.N.Y. Sept. 30, 2003). In his Report-Recommendation, Magistrate Judge Peebles found that plaintiff had not exhausted his administrative remedies and that his Eighth and Fourteenth Amendment claims were "entirely conclusory." 02-CV-1390 (Dkt. No. 28).

While plaintiff's original complaint in this action consisted only of eight numbered sentences, this complaint contains not only eight numbered sentences which make similar conclusory statements, but plaintiff has included thirteen additional pages consisting of a single paragraph, purportedly outlining his claims.  Plaintiff has

4

additionally filed 130 pages of exhibits attached to the amended complaint.  It appears that in an attempt to comply with the court's order to explain his complaint, plaintiff has now included too much information.

This court has very carefully reviewed the amended complaint and the exhibits attached.  Although the complaint is rambling, it does contain precise citations to the exhibits that he uses to support the statements in the amended complaint.  The gist of plaintiff's amended complaint appears to be that the nursing staff at Washington Correctional Facility is retaliating against plaintiff because he has filed complaints against some of the nurses for their alleged mishandling of medication.

Any action taken by defendants in retaliation for the exercise of a constitutional right, even if not unconstitutional in itself, states a viable constitutional claim. *Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir. 1988).  Filing grievances is considered constitutionally protected activity. *See id.*  Thus, if any of the defendants were filing false misbehavior reports in retaliation for plaintiff's grievances, plaintiff would state a constitutional claim.  The court notes that at this juncture, the ultimate merit of plaintiff's allegations is not relevant.

Plaintiff alleges that he has a pre-existing injury for which he takes pain medication.  The pain medication that he takes happens to be a controlled substance that must be taken in the presence of someone from the medical staff.  Plaintiff claims that defendant Nurses Flanagan, Hoebeke, and Nurse Administrator Griffith have

retaliated against him because of these complaints. Plaintiff first alleges that he filed a Notice of Intent to file a lawsuit with the New York State Attorney General's office on November 29, 2001. Plaintiff's Ex. D. This notice of claim appears to have involved a situation in which plaintiff claimed that he was improperly assigned to a program that was inconsistent with his doctor's medical restrictions. AC at 2. Plaintiff states that after he filed his Notice of Intent, the "retaliation started." *Id.*

Plaintiff then claims that on February 24, 2002, Nurse Flanagan filed a misbehavior report against plaintiff, charging him with refusing to obey a direct order, interfering with an employee, and lying. Plaintiff's Ex. E. The charges resulted from plaintiff's apparent failure to properly take his pain medication. Defendants believe that plaintiff's attempts to hoard pills by not taking all of the pills when directed to do so by the staff.

Plaintiff was found guilty of two of the charges. Plaintiff's Ex. E-2. Although plaintiff claims that this action was in retaliation for his filing of a Notice of Intent in November of 2001, plaintiff does not state how Nurse Flanagan would have known about the prior notice of claim. However, after the February 2002 misbehavior report, plaintiff did file a grievance against Nurse Flanagan that was investigated, and Nurse Flanagan was cleared of any wrongdoing. Plaintiff's Exs. F, F-1, F-2.

Plaintiff had a problem with defendant Nurse Hoebeke on May 20, 2002, resulting in another misbehavior report for smuggling pills and refusing a direct order.

Plaintiff claims that Nurse Hoebeke was attempting to make plaintiff take his medication prior to eating even though she knew that the pills made him nauseated and caused other bad side effects.  The misbehavior report indicates that plaintiff appeared to have taken the pills, but when the nurse checked plaintiff's lip, all three pills were present, and he had not swallowed any of them. Plaintiff's Ex. J.  Plaintiff claims that he just wanted to wait to take the pills until he had eaten.

Although plaintiff was found guilty of the misbehavior, the hearing officer suspended the Special Housing Unit sentence and imposed only a loss of privileges. Plaintiff's Exs. J, J-1, J-2.  Plaintiff claims that this misbehavior report was filed against him in retaliation for his previous complaint against Nurse Flanagan.  Whether this claim ultimately succeeds, or is dismissed later in the case, is not relevant to a motion pursuant to Rules 8 and 10.

Because of the two disciplinary infractions relating to drugs, plaintiff was removed from his drug and alcohol program (ASAT) three days before "graduation." The exhibits show that it was defendant's contention that plaintiff was removed automatically from the program based on these drug related misbehavior reports. Plaintiff complained about his removal, and plaintiff claims that defendant Nurse Administrator Griffith intentionally misinformed defendant Wright about plaintiff's misbehavior in retaliation for plaintiff's complaints against the nurses. AC at 6. Plaintiff states that defendant Griffith told defendant Wright that a supply of

contraband medication was found after a search of plaintiff's cell.  However, plaintiff submits a cell search contraband receipt as an exhibit, showing that the search revealed no contraband. Plaintiff's Ex. L-7.  The issue is not whether plaintiff would have been removed from the program regardless of the additional incorrect information, but whether defendant Griffith might have been retaliating against plaintiff for his complaints about the nurses' handling of his medication.

Plaintiff also claims that on October 17, 2002, defendant Griffith filed another misbehavior report against plaintiff in retaliation for his complaints against the nurses and that defendant Flanagan retaliated against plaintiff with "harassment." AC at 8. Plaintiff states that the misbehavior report was dismissed. Plaintiff's Ex. S-3.  Plaintiff claims that an assault by another inmate on November 22, 2002 was a "possible set-up" by the staff. *Id.*

Having said the above, this court makes absolutely no finding regarding the merits of plaintiff's claim, however, the court cannot say that his allegations are doomed to fail under any available legal theory.[1]  The defendants have simply stated that the entire amended complaint should be dismissed for pleading defects, but this court finds that plaintiff does make some comprehensible claims against some of the defendants, regardless of whether the court dismisses the claims at a later date.

---

[1] As the court stated in *Phillips*, all complaints are read liberally to determine whether they will fail "***under any available legal theory***" prior to dismissing on the pleadings alone, and *pro se* complaints are held "***to an even lower standard.***" 408 F.3d at 128 (emphasis added).

8

The court does note that plaintiff includes many superfluous facts in the complaint and fails to state any kind of a claim against some of the defendants.  The court has statutory authority to dismiss the action at any time if plaintiff fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A.    Glenn Goord

Glenn Goord is the Commissioner of the Department of Correctional Services. He is named as a defendant, however, the only mention of defendant Goord is on page 6 of the amended complaint, where plaintiff states that defendant Goord referred a letter written by plaintiff to defendant Wright.  Plaintiff states that he wrote a second letter to the Commissioner. AC at 6-7, Plaintiff's Exs. L-8-L-12 (all exhibits are part of the same letter).  It is well-settled that in order to be held liable for damages in a section 1983 action a defendant must have been personally involved in the alleged violation.  *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.), *cert. denied*, 434 U.S. 1087 (1978).  The doctrine of respondeat superior is inapplicable to section 1983 claims.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973).

An inmate's letter of protest, even if it contains a request for investigation is insufficient to render a supervisory official liable for the alleged violations. *Richardson v. Coughlin*, 101 F. Supp. 2d 127, 132-33 (W.D.N.Y. 2000).  The fact that defendant Goord referred a letter to defendant Wright for investigation and that

plaintiff wrote a subsequent letter of complaint does not make defendant Goord responsible for the constitutional violation that was to be investigated.  Since this these are the only instances where defendant Goord is mentioned, this court will recommend dismissal of the action as against this defendant.

**B.  Lester Wright**

Defendant Lester Wright is a Deputy Commissioner and Chief Medical Officer for DOCS.  Defendant Wright does not work at Washington Correctional Facility and is considered a supervisory official.  Defendant Wright is mentioned on page 6 of the amended complaint where plaintiff alleges that Dr. Wright based his investigation on misinformation provided to him by the facility medical staff.  Plaintiff alleges that he attempted to correct Dr. Wright's understanding of plaintiff's situation with another letter, but never mentions Dr. Wright again. Plaintiff's Ex. L-6.  Plaintiff never actually makes a specific claim of a ***constitutional*** violation associated with Dr. Wright's actions.  Thus, the court will recommend dismissing this action as against Dr. Wright.

Although plaintiff makes a vague statement that "so many individuals" were "conspiring"[2] there is absolutely no indication in any of the documents or in plaintiff's statement of the facts that these supervisory officials conspired with anyone.

---

[2] AC at 13.  Plaintiff includes this as one of the last statements in his amended complaint.

### C.  Dr. Spitzer

Although Dr. Spitzer is named as a defendant, there is not one claim against this doctor in the amended complaint.  Plaintiff mentions Dr. Spitzer on pages 4 and 5 of the amended complaint, only to state that the doctor prescribed plaintiff's pain medication and provided plaintiff with a form for his restriction to light work. Plaintiff also claims later in the amended complaint that he requested Dr. Spitzer as a witness at one of plaintiff's disciplinary hearings, but that the request was denied. There are no allegations of any constitutional violations against this defendant.  Thus, the amended complaint may be dismissed as against this defendant for failure to state a claim.

The court does agree that plaintiff's amended complaint alleges a great deal of unnecessary facts, does not make specific constitutional claims against individuals who have been named, and also makes allegations against individuals who are not defendants.  It is possible that upon a proper motion to dismiss or one for summary judgment, the court would agree that the complaint could be dismissed.  However, the court will not recommend dismissal of the entire complaint based only upon Rules 8 and 10.  If the remaining defendants believe that they need more specificity from plaintiff, they may move under FED. R. CIV. P. 12(e) for a more definite statement. *See Phillips*, 408 F.3d at 128.

**WHEREFORE,** based on the findings above, it is

11

**RECOMMENDED,** that defendants' motion to dismiss the complaint pursuant to FED. R. CIV. P. 8 & 10 (Dkt. No. 28) be **DENIED**, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** as against defendants **Goord, Wright, and Spitzer** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 15, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

12